FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 19 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ANTHONY MALLOY,

        Plaintiff,

-against-

CHARLES J. HYNES, Brooklyn District Attorney;
NANCY STILLMAN, Assistant District Attorney;
JEANNETTE LUKOWSKI, Assistant District
Attorney; JOHN DOE/JANE DOE of Brooklyn
Legal Aid Director; NOHA MOMTAZ;
TAHRIR ARAFA, Staff Attorney; CAPTAIN
NELSON of RNDC C-74; CORRECTIONAL
OFFICER QUINONES of RNDC C-74; Ms.
JASMINE QUINONES; CORRECTIONAL
OFFICER MS. BAPTISTS of RNDC C-74;
CORRECTIONAL OFFICER BAPTISTS
HUSBAND JOHN DOE; SGT. MCGREGOR,
3774 of NYPD PDU 75th; DET. GRAYSON,
5799 of NYPD PDU 75th; DET. QUASKE,

        Defendants.
---------------------------------------------------------X

12-CV-6076 (ARR)(LB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

ROSS, United States District Judge:

        Plaintiff, a *pro se* prisoner currently incarcerated at Rikers Island Correctional Facility's George Motchan Detention Center ("GMDC") commenced this action pursuant to 42 U.S.C. § 1983, alleging that he was falsely arrested for a robbery which occurred on February 6, 2012 and that he felt unsafe in the facility in which he was previously housed. He seeks damages and to have the "robbery be era[sed] off my record." Compl. at 5. For the reasons set forth below, plaintiff's request to proceed *in forma pauperis* is denied and he is ordered to pay the $350 filing fee to proceed with this action.

1

The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). While incarcerated, plaintiff has filed more than three *in forma pauperis* actions which have been dismissed as frivolous, malicious or for failure to state a claim. *See Malloy v. Thompson*, 06-CV-1510 (LEK) (N.D.N.Y. Feb. 7, 2007) (collecting six cases in Northern and Southern Districts of New York dismissed as frivolous and/or for failure to state a claim). Plaintiff also states that he has three strikes against him. *See* Dkt. #1 at 34.

For a three-strikes litigant to qualify for the imminent danger exception, his complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). When determining whether the requisite relationship is present, a court must examine "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298–99 (emphasis in original). Moreover, for a plaintiff to qualify for the imminent danger exception, the danger must be present when he files his complaint. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) ("[T]he language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed.").

Plaintiff alleges that between February and June 2012, prison staff came into his unit wearing "black Klan robes" and "white robes and colorful faces." Compl. At 2-3. He asserts that he is "suffer[ing[ mental anguish," "having many scary feeling[s]," and is "afraid for my life

2

in danger." Id. at 3. Plaintiff does not allege any imminent danger of physical injury. Further, he says that he complained to "security deputy superintendents" and, as a result of his complaints, he was moved to a different unit and then to the jail where he is currently incarcerated. Id. at 4. Plaintiff then waited until December 4, 2012 to file this action. Id. at 7. Given the length of time between the allegedly dangerous conditions and the filing of plaintiff's complaint, the court finds that plaintiff was not in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g) at the time this complaint was filed, and therefore does not qualify for the imminent danger exception to the three strikes rule.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(g). In order to proceed with this action, plaintiff must pay the filing fee of $350.00 within thirty days from the entry of this Order. Plaintiff is advised that the complaint may be dismissed in whole or in part, even if he pays the filing fee, under 28 U.S.C. § 1915A. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999). If plaintiff fails to pay the filing fee within 30 days, the complaint shall be dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/S/ Judge Ross
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
December 19, 2012

3